**ISLAND CREEK COAL COMPANY, and Occidental Petroleum Corporation, Appellants,**

v.

**John BAYS, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1977.

Michael J. Schmitt, Wells, Porter & Schmitt, Paintsville, for appellants.

Robert J. Greene, Paintsville, for appellee.

Before WINTERSHEIMER, LESTER and WILHOIT, JJ.

WINTERSHEIMER, Judge.

John Bays, Jr., filed his complaint on September 16, 1972, seeking a judgment, jointly and severally, in the sum of $13,000 compensatory damages and in the sum of $25,000 punitive damages, because of the Defendants/Appellants' alleged negligent conduct in allowing a large slag pile to accumulate and creating a hazardous condition which caused the damage to the Plaintiff/Appellee's truck. At the conclusion of the Plaintiff/Appellee's evidence, the trial judge overruled the Appellants' motion for

a directed verdict whereupon the Defendants/Appellants declined to introduce any evidence and renewed their motion for a directed verdict. The jury rendered a verdict of $9,010.98 after which the Appellants renewed their motion for a directed verdict, submitted a motion for a judgment notwithstanding the verdict, both of which were overruled. The Defendants/Appellants appealed on August 14, 1974, and the Supreme Court of Kentucky transferred this case to the Court of Appeals on October 8, 1976. This Court reverses the judgment of the trial court.

The Appellee, John Bays, Jr., operates large tandem coal trucks in the Floyd and Knott County area. On April 11, 1972, one of his large tandem trucks, loaded with twenty-three (23) tons of coal, having a gross weight which equalled or exceeded 73,280 pounds, sank into the surface of a county road in Floyd County. The truck remained stuck through April 12, 1972, when a severe cloudburst occurred in the area. The rainfall was so intense that flooding followed and the entire area was rendered impassable to traffic for approximately a week. When the flood receded, Bays returned to his truck and discovered it had been extensively damaged. Subsequently, he filed suit against the Appellants.

The principal question presented is whether the conduct of the Defendants/Appellants in maintaining a slag dump, which resulted in some sludge runoff, was the proximate cause of the damage to the truck.

It is well settled that tort liability is conditioned upon causal connection between the negligence alleged as the wrong and the injury of which complaint is made. "Negligence must be proven directly or such facts must be proven as that negligence must be necessarily inferred from the existence of the facts proven. It must be shown that the act of negligence was also the proximate cause of the injury." *Johnson v. Mobile & O. R. Company, et al.,* 178 Ky. 108, 198 S.W. 538 (1917). Proximate cause is an indispensable element of negligence.

The evidence in the record indicates that the substance referred to as sludge was in the roadway for several hours prior to the cloudburst and subsequent flooding on April 12. The coal truck had become mired in the narrow county road on April 11. The record indicates that there is testimony that the road was not impassable and that it was acknowledged that a bulldozer was necessary to remove the stuck truck.

The record is clear in that each witness testified concerning high water and the flooding and attributed the same to the extraordinary storm. The flood water actually covered the coal truck. When the flood water receded and the truck was reached, no more than three (3) feet of the sludge substance was discovered around the wheels of the truck. There is no evidence that the sludge dump below was ever used as a dam for the impounding of surface water.

No evidence was ever presented which would support a reasonable inference that the Appellants' slag storage facility in the vicinity was the cause of the damage sustained by Bays. There is no evidence of any positive relationship between the slag dump and resulting sludge and the flood water. This truck was trapped in the narrow highway surface above the slag dump. There is no evidence that the slag pile and sludge dump contributed to the miring of the truck.

There is no direct causal connection between the maintenance of the slag dump, the resulting sludge and the injury sustained by the Plaintiff/Appellee.

The judgment of the trial court is reversed with instructions to enter a judgment in favor of the Appellants, pursuant to their motion for a directed verdict and a judgment notwithstanding the verdict.

All concur.